TURCK LAW, P.C.
Shawn A. Turck (ST 1232)
225 Broadway, Suite 1901
New York, NY 10036
Tel.: 212-227-2030
Fax: 212-766-2298
Email: shawn@turcklaw.com
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
SICOM S.P.A.,

Plaintiff,

v.

TRS INC and TED S. SOBEL,

Defendants.
-----------------------------------------------------X

1:14-cv-02085-ALC-DF

ECF CASE

**DEFENDANTS' MEMORANDUM OF LAW**
**IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Dated: July 27, 2015
New York, New York

By: /s/ *Shawn A. Turck*__

Shawn A. Turck
TURCK LAW, P.C.
225 Broadway, Suite 1901
New York, NY 10007
Tel.: 212-227-2030
Fax: 212-766-2298
Email: shawn@turcklaw.com
*Attorney for Defendants*

**Preliminary Statement**

Defendants, TRS Inc. ("TRS") and Ted S. Sobel ("Sobel) (collectively, "Defendants"), respectfully submit this memorandum of law in opposition to Plaintiff's motion for summary judgment pursuant to Section 56 of the Federal Rules of Civil Procedure ("FRCP"). As an initial matter, the Declaration of Roberto Marengo, which Plaintiff relies upon to establish its entitlement to the relief requested, is defective and invalid for several independent reasons: (1) it is an uncertified translation; (2) the exhibits attached thereto are not translated into the English language; and (3) it does not comply with the requirements of 28 U.S.C. § 1746 (1). Therefore, Plaintiff's motion should be denied as it relies upon proof that is not admissible as evidence.

In the alternative, in the event that this Court allows Plaintiff's present motion to continue, Defendants dispute the sum of indebtedness that Plaintiff alleges is owed by Defendants. Also at issue is whether Plaintiff is entitled to recover its attorneys' fees, and if so, whether any amount claimed is reasonable. In addition, Plaintiff seeks an amount of interest additional to the amount of alleged indebtedness. However, the amount of alleged indebtedness already includes all interest to which Plaintiff may be entitled.

Although Defendants agree that the applicable rate of post-judgment interest is governed by 28 U.S.C. § 1961, Defendants dispute that Plaintiff is entitled to any pre-judgment interest additional to the parties' contractual rate and amount.

As articulated below, Plaintiff is not entitled to recover its attorneys' fees, or any unreasonable attorneys' fees, nor any pre-judgment interest additional to the contract rate of interest, which is already included in the alleged total amount of indebtedness.

## Argument

### I. Applicable Legal Standard

This Court has recently articulated the legal standard applicable to a motion for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure ("FRCP"):

> [A] motion for summary judgment may be granted when the parties' sworn submissions show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. The moving party bears the burden of showing that no genuine issue of material fact exists. Accordingly, the Court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper.

Kasper Global Collection & Brokers, Inc. v. Global Cabinets & Furniture Manufacturers, Inc., 952 F.Supp.2d 542, 554-555 (S.D.N.Y. 2013) (internal quotations and citations omitted).

In addition, with respect to Local Rule 56.1, which requires a party moving for summary judgment to submit a statement of material facts:

> [It] does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law. Thus, the Court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 Statement; it also must be satisfied that the moving party's assertions are supported by the record. Summary judgment may only be granted where the Court is satisfied that the undisputed facts, as supported by the record, show that the [movant] is entitled to a judgment as a matter of law. Id., at 557.

As more fully articulated below, Plaintiff has failed to establish its entitled to judgment pursuant to FRCP 56.

## II. The Declaration of Roberto Marengo is Defective and Invalid

The Declaration of Roberto Marengo (Dkt. 49) states that "[t]his declaration has been translated into the Italian language for me." (Dkt. 49, ¶ 16). However, (1) the referenced Italian-language version is not provided; (2) a certification from the translator is not provided; and (3) not even the identity of the translator is revealed. Therefore, the Declaration of Roberto Marengo is not properly authenticated and is not admissible as evidence. See Kasper Global Collection & Brokers, Inc. v. Global Cabinets & Furniture Manufacturers, Inc., 952 F.Supp.2d 542, 554-555 (S.D.N.Y. 2013) (Citation omitted). As stated in the Declaration of Enrico A. Pellegrini, "[t]he bases for Sicom's motion are set forth in the declaration of Roberto Marengo…." (Dkt. 48, ¶ 3). Therefore, Plaintiff's motion should be denied as it relies upon evidence that is not admissible. See Kasper, *supra*.

In addition, the exhibits to Mr. Marengo's defective Declaration are in the Italian language and are not translated to the English language. Federal court proceedings must be conducted in the English language and Plaintiff's Italian-language documents should not be considered on its motion for summary judgment. See Rivas-Montano v. United States, 2006 WL 1428507 (M.D.Fla. May 22, 2006) (collecting cases). Plaintiff relies upon these exhibits to support its motion for summary judgment; therefore, Plaintiff's motion should be denied.

Finally, the Declaration of Roberto Marengo was executed in Italy (Dkt. 49, Page 5). Therefore, to be effective, it must include the following language: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." 28 U.S.C. § 1746 (1). However, Mr. Marengo's Declaration does not contain this language, as it omits "under the laws of the United States of America". Whether Mr. Marengo submits to the

penalty of perjury under Italian law is of no moment – he must submit to the penalty of perjury under U.S. law.

It is apparent from the face of Roberto Marengo's Declaration that the declarant signed same on the basis of an Italian-language translation (Dkt. 49, ¶ 16), which is not provided and therefore cannot be evaluated. Moreover, no certification from the translator, whomever that may be, is provided to authenticate his or her translation.

In short, Mr. Marengo's unsworn Declaration, together with the exhibits annexed thereto, are not effective or admissible to establish or prove the truth of the matters asserted therein. As such, Plaintiff's reliance on the Declaration of Roberto Marengo, including the exhibits annexed thereto, render Plaintiff's motion defective on its face, resulting in denial of Plaintiff's motion, without regard to Defendants' opposing papers.

**III. Amount of Indebtedness**

In the alternative, in the event that this Court allows Plaintiff's present motion to survive the aforementioned defects, Defendants dispute the amount that Plaintiff alleges is owed and outstanding. Pursuant to the terms of the Settlement Agreement (Decl. of Enrico A. Pellegrini, Ex. 4), TRS agreed to pay to Plaintiff, Sicom S.P.A., the lump sum of Euro 44,850.00 (which Plaintiff acknowledges has been paid in full), and the installment sum of U.S. $2,355,801.00 (to be paid in monthly installments). To compensate Plaintiff for the time value of money, Defendant TRS agreed to pay an additional sum of $407,401.64 in total interest over the term of the installment payment schedule. (See Decl. of Ted S. Sobel, ¶ 5). Therefore, TRS's total indebtedness to Plaintiff on the installment sum was $2,763,202.64 ($2,355,801.00 +

$407,401.64), if not paid in advance of the payment schedule contained in the Settlement Agreement. This total indebtedness of $2,763,202.64, which includes all principal and interest, is labeled "Amount of Unit Payments" in the Settlement Agreement. (Decl. of Enrico A. Pellegrini, Ex. 4, ¶ 2.1).

TRS defaulted on its payments and, pursuant to the Settlement Agreement, Plaintiff declared that all of the Amount of Unit Payments ($2,763,202.64, less any payments made) were immediately due and payable. Plaintiff acknowledges in its motion papers that Defendant TRS has paid to Plaintiff approximately $455,020.00 (not including TRS' payment of Euro 44,850.00) since acceleration of the total indebtedness. Therefore, the remaining balance of indebtedness is no more than approximately $2,308,182.64. (See Decl. of Ted S. Sobel, ¶ 7). As articulated above, pursuant to the Settlement Agreement, this remaining balance already includes all pre-judgment interest that Plaintiff may claim.

## IV. Additional Interest

As shown above, all pre-judgment interest to which Plaintiff may be entitled is governed by the parties' Settlement Agreement and is already included in the total remaining amount of indebtedness (approximately $2,308,182.64 or less). Therefore, no additional interest is warranted. However, to the extent that Plaintiff argues that it is entitled to interest pursuant to 28 U.S.C. § 1961, Defendants agree that Section 1961 provides the applicable post-judgment rate of interest in this matter. (See Plaintiff's Memorandum of Law, page 8; See also Decl. of Enrico A. Pellegrini, Ex.7).

## V. Attorney's Fees

Pursuant to the Settlement Agreement, in the event of TRS's default, Plaintiff may submit to this Court a Judgment by Consent for entry ("Consent Judgment"). In accordance with the Settlement Agreement, upon executing same, a signed Judgment by Consent was delivered to Plaintiff's counsel to be held in escrow. The Settlement Agreement further provides that "[t]he Consent Judgment shall become effective upon entry by the Court" and "[i]n any action to enforce the Consent Judgment, Defendant shall be assessed all costs and fees, including reasonable attorneys fees…."

This provision for attorneys' fees applies only in an action to enforce the Consent Judgment. This is not such an action. Plaintiff has not submitted the Judgment by Consent to the Court; therefore, there is no Consent Judgment to be enforced.

## Conclusion

In light of the foregoing, (i) Plaintiff's motion for summary judgment should be denied in its entirety, or, in the alternative only, (ii) Plaintiff is entitled to a money judgment of no more than $2,308,182.64, less any additional payments made by Defendants; (iii) Plaintiff is not entitled to recover its attorneys' fees; (iv) Plaintiff is not entitled to any pre-judgment interest additional to the contract rate and which is already included in the aforementioned sum; and (v) Defendants are entitled to summary judgment dismissing Plaintiff's claims for attorneys' fees

and additional pre-judgment interest, together with such other relief as this Court may deem just and proper.

Dated: July 27, 2015
New York, New York

By: /s/ *Shawn A. Turck*
Shawn A. Turck (ST 1232)
TURCK LAW, P.C.
225 Broadway, Suite 1901
New York, NY 10007
Tel.: 212-227-2030
Fax: 212-766-2298
Email: shawn@turcklaw.com
*Attorney for Defendants*